907 F.2d 1227
 285 U.S.App.D.C. 221
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Gregory NAVARRO, Appellant.
 No. 89-3195.
 United States Court of Appeals, District of Columbia Circuit.
 July 30, 1990.
 
 Before SILBERMAN, D.H. GINSBURG and CLARENCE THOMAS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the judgment of conviction be affirmed. Navarro's verbal statement to police officers, "[g]o ahead," was a "clear grant of permission to search." See United States v. Brady, 842 F.2d 1313, 1314 (D.C.Cir.1988). Therefore, the remainder of his statement, "do what you have to do," is of "little relevance." See id. Furthermore, Navarro's placing his gym bag on a trash receptacle and opening it constituted implied consent. See United States v. Battista, 876 F.2d 201, 203 (D.C.Cir.1989) (opening locked suitcase demonstrates consent through conduct). In the absence of any indicia of coercion, the district court's finding of consent is not clearly erroneous. See Battista, 876 F.2d at 207; Brady, 842 F.2d at 1315; Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.